JACKSON LEWIS P.C.
44 South Broadway
14th Floor
White Plains, New York 10601
(914) 872-8060
*Attorneys for Defendant*
*Baked By Melissa, LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

KATHY WU AND ON BEHALF OF ALL
OTHER PERSONS SIMILARLY
SITUATED,

                     Plaintiff,

-against-

BAKED BY MELISSA, LLC,

                     Defendant.

-------------------------------------------------------------x

Case No.: 1:17-cv-06612-RA

## ANSWER AND DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT

      Defendant Baked By Melissa, LLC (hereinafter "Defendant"), by and through its attorneys, Jackson Lewis P.C., for its Answer and Defenses to Plaintiff's Class Action Complaint (the "Complaint") herein, state as follows:

## AS TO "INTRODUCTION"

      1.     Defendant denies each and every allegation set forth in Paragraph "1" of the Complaint, except admits Plaintiff purports to proceed as alleged therein.

      2.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "2" of the Complaint.

      3.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "3" of the Complaint.

4.      Defendant denies each and every allegation set forth in Paragraph "4" of the Complaint, except admits Plaintiff purports to proceed as alleged therein.

5.      Defendant denies each and every allegation set forth in Paragraph "5" of the Complaint, except admits Plaintiff purports to proceed as alleged therein.

### AS TO "JURISDICTION AND VENUE"

6.      Defendant denies each and every allegation set forth in Paragraph "6" of the Complaint, except admits that Plaintiff purports to proceed as alleged therein.

7.      Defendant denies each and every allegation set forth in Paragraph "7" of the Complaint, except admits that Plaintiff purports to proceed as alleged therein.

8.      Defendant denies each and every allegation set forth in Paragraph "8" of the Complaint, except admits that it is located in and has been doing business in the Southern District of New York.

9.      Defendant denies each and every allegation set forth in Paragraph "9" of the Complaint, except admits that Plaintiff purports to proceed as alleged therein.

10.      The allegations in Paragraph "10" of the Complaint constitute conclusions of law to which no response is required.  To the extent that a response is necessary, Defendant denies each and every allegation set forth therein, except admits that Plaintiff purports to proceed as alleged therein.

### AS TO "THE PARTIES"

11.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "11" of the Complaint.

12.      Defendant denies each and every allegation set forth in Paragraph "12" of the Complaint, except admits that it operates various bakeries as well as the Baked By Melissa

2

website and advertises, markets, distributes and/or sells baked goods and other food items in the State of New York, and that it is licensed to do business and is doing business in the State of New York.

13.     Defendant denies each and every allegation set forth in Paragraph "13" of the Complaint, except admits that it owns, operates or controls several retail stores selling baked goods in the Southern District of New York and respectfully refers the Court to the website referenced therein for a full depiction of its true and accurate features.

14.     The allegations in Paragraph "14" of the Complaint constitute conclusions of law to which no response is required.  To the extent that a response is necessary, Defendant denies each and every allegation set forth therein.

### AS TO "NATURE OF ACTION"

15.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "15" of the Complaint.

16.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "16" of the Complaint.

17.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "17" of the Complaint.

18.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "18" of the Complaint.

19.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "19" of the Complaint.

20.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "20" of the Complaint, including subparagraphs (a) through (q) alleged therein.

## AS TO "STATEMENT OF FACTS"

### "Defendant's Barriers on Its Website"

21.     Defendant denies the allegations set forth in Paragraph "21 of the Complaint respectfully refers the Court to the website referenced therein for a full depiction of its true and accurate features.

22.     Defendant denies each and every allegation set forth in Paragraph "22" of the Complaint.

23.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "23" of the Complaint.

24.     Defendant denies each and every allegation set forth in Paragraph "24" of the Complaint.

25.     Defendant denies each and every allegation set forth in Paragraph "25" of the Complaint, including subparagraphs (a) through (d) alleged therein.

### "Defendant Must Remove Barriers To Its Website"

26.     Defendant denies each and every allegation set forth in Paragraph "26" of the Complaint.

27.     Defendant denies each and every allegation set forth in Paragraph "27" of the Complaint.

28.     Defendant denies each and every allegation set forth in Paragraph "28" of the Complaint.

4

29.     Defendant denies each and every allegation set forth in Paragraph "29" of the Complaint.

30.     Defendant denies each and every allegation set forth in Paragraph "30" of the Complaint, including subparagraphs (a) through (c) alleged therein.

31.     Defendant denies each and every allegation set forth in Paragraph "31" of the Complaint.

32.     The allegations in Paragraph "32" of the Complaint constitute conclusions of law to which no response is required.  To the extent that a response is necessary, Defendant denies each and every allegation therein and respectfully refers the Court to the statute cited therein for its full and accurate content.

33.     Defendant denies each and every allegation set forth in Paragraph "33" of the Complaint, including subparagraphs (a) through (d) alleged therein, except admits that Plaintiff purports to proceed as alleged therein.

34.     Defendant denies each and every allegation set forth in Paragraph "34" of the Complaint.

35.     Defendant denies each and every allegation set forth in Paragraph "35" of the Complaint.

36.     Defendant denies each and every allegation set forth in Paragraph "36" of the Complaint.

37.     Defendant denies each and every allegation set forth in Paragraph "37" of the Complaint

## AS TO "CLASS ACTION ALLEGATIONS"

38.     Defendant denies each and every allegation set forth in Paragraph "38" of the Complaint, except admits that Plaintiff purports to proceed as alleged therein.

39.     Defendant denies each and every allegation set forth in Paragraph "39" of the Complaint, except admits that Plaintiff purports to proceed as alleged therein.

40.     Defendant denies each and every allegation set forth in Paragraph "40" of the Complaint, including subparagraphs (a) through (d) alleged therein.

41.     Defendant denies each and every allegation set forth in Paragraph "41" of the Complaint.

42.     Defendant denies each and every allegation set forth in Paragraph "42" of the Complaint, except admits that Plaintiff purports to proceed as alleged therein.

43.     Defendant denies each and every allegation set forth in Paragraph "43" of the Complaint.

44.     Defendant denies each and every allegation set forth in Paragraph "44" of the Complaint.

## AS TO "FIRST CAUSE OF ACTION"

(Violations of the ADA, 42 U.S.C. §§ 12181, et seq.)

45.     Defendant repeats its responses set forth in Paragraphs 1 through 44 of this Answer by reference as if fully set forth in response herein to allegations set forth in Paragraph "45" of the Complaint.

46.     The allegations set forth in Paragraph "46" of the Complaint constitute conclusions of law to which no response is required.  To the extent that a response is necessary,

Defendant denies each and every allegation therein and respectfully refers the Court to the statute cited therein for its full and accurate content.

47.     Defendant denies each and every allegation set forth in Paragraph "47" of the Complaint, except admits that Defendant's bakeries are places of public accommodation.

48.     The allegations set forth in Paragraph "48" of the Complaint constitute conclusions of law to which no response is required.  To the extent that a response is necessary, Defendant denies each and every allegation therein and respectfully refers the Court to the statute cited therein for its full and accurate content.

49.     The allegations set forth in Paragraph "49" of the Complaint constitute conclusions of law to which no response is required.  To the extent that a response is necessary, Defendant denies each and every allegation therein and respectfully refers the Court to the statute cited therein for its full and accurate content.

50.     The allegations set forth in Paragraph "50" of the Complaint constitute conclusions of law to which no response is required.  To the extent that a response is necessary, Defendant denies each and every allegation therein and respectfully refers the Court to the statute cited therein for its full and accurate content.

51.     Defendant denies each and every allegation set forth in Paragraph "51" of the Complaint.

52.     Defendant denies each and every allegation set forth in Paragraph "52" of the Complaint.

## AS TO "SECOND CAUSE OF ACTION"

### (Violations of the NYSHRL)

53.    Defendant repeats its responses set forth in Paragraphs 1 through 52 of this Answer by reference as if fully set forth in response herein to allegations set forth in Paragraph "53" of the Complaint.

54.    The allegations set forth in Paragraph "54" of the Complaint constitute conclusions of law to which no response is required.  To the extent that a response is necessary, Defendant denies each and every allegation therein and respectfully refers the Court to the statute cited therein for its full and accurate content.

55.    Defendant denies each and every allegation set forth in Paragraph "55" of the Complaint, except admits that Defendant's bakeries are places of public accommodation under the New York State Human Rights Law.

56.    The allegations set forth in Paragraph "56" of the Complaint constitute conclusions of law to which no response is required.  To the extent that a response is necessary, Defendant denies each and every allegation therein and respectfully refers the Court to the statute cited therein for its full and accurate content.

57.    Defendant denies each and every allegation set forth in Paragraph "57" of the Complaint.

58.    The allegations set forth in Paragraph "58" of the Complaint constitute conclusions of law to which no response is required.  To the extent that a response is necessary, Defendant denies each and every allegation therein and respectfully refers the Court to the statute cited therein for its full and accurate content.

59.    The allegations set forth in Paragraph "59" of the Complaint constitute conclusions of law to which no response is required.  To the extent that a response is necessary, Defendant denies each and every allegation therein and respectfully refers the Court to the statute cited therein for its full and accurate content.

60.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "60" of the Complaint.

61.    Defendant denies each and every allegation set forth in Paragraph "61" of the Complaint, including subparagraphs (a) through (c) alleged therein.

62.    Defendant denies each and every allegation set forth in Paragraph "62" of the Complaint.

63.    Defendant denies each and every allegation set forth in Paragraph "63" of the Complaint.

64.    Defendant denies each and every allegation set forth in Paragraph "64" of the Complaint.

65.    Defendant denies each and every allegation set forth in Paragraph "65" of the Complaint.

66.    Defendant denies each and every allegation set forth in Paragraph "66" of the Complaint.

67.    Defendant denies each and every allegation set forth in Paragraph "67" of the Complaint.

## AS TO "THIRD CAUSE OF ACTION"

(Violation of the New York State Civil Rights Law)

68.     Defendant repeats its responses set forth in Paragraphs 1 through 67 of this Answer by reference as if fully set forth in response herein to allegations set forth in Paragraph "68" of the Complaint.

69.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "69" of the Complaint.

70.     The allegations set forth in Paragraph "70" of the Complaint constitute conclusions of law to which no response is required.  To the extent that a response is necessary, Defendant denies each and every allegation therein and respectfully refers the Court to the statute cited therein for its full and accurate content.

71.     The allegations set forth in Paragraph "71" of the Complaint constitute conclusions of law to which no response is required.  To the extent that a response is necessary, Defendant denies each and every allegation therein and respectfully refers the Court to the statute cited therein for its full and accurate content.

72.     The allegations set forth in Paragraph "72" of the Complaint constitute conclusions of law to which no response is required.  To the extent that a response is necessary, Defendant denies each and every allegation therein and respectfully refers the Court to the statute cited therein for its full and accurate content.

73.     The allegations set forth in Paragraph "73" of the Complaint constitute conclusions of law to which no response is required.  To the extent that a response is necessary, Defendant denies each and every allegation therein and respectfully refers the Court to the statute cited therein for its full and accurate content.

74. Defendant denies each and every allegation set forth in Paragraph "74" of the Complaint.

75. The allegations set forth in Paragraph "75" of the Complaint constitute conclusions of law to which no response is required. To the extent that a response is necessary, Defendant denies each and every allegation therein and respectfully refers the Court to the statute cited therein for its full and accurate content.

76. The allegations set forth in Paragraph "76" of the Complaint constitute conclusions of law to which no response is required. To the extent that a response is necessary, Defendant denies each and every allegation therein and respectfully refers the Court to the statute cited therein for its full and accurate content.

77. Defendant denies each and every allegation set forth in Paragraph "77" of the Complaint.

78. Defendant denies each and every allegation set forth in Paragraph "78" of the Complaint.

79. Defendant denies each and every allegation set forth in Paragraph "79" of the Complaint.

## AS TO "FOURTH CAUSE OF ACTION"

### (Violation of the NYCHRL)

80. Defendant repeats its responses set forth in Paragraphs 1 through 79 of this Answer by reference as if fully set forth in response herein to allegations set forth in Paragraph "80" of the Complaint.

81. The allegations set forth in Paragraph "81" of the Complaint constitute conclusions of law to which no response is required. To the extent that a response is necessary,

Defendant denies each and every allegation therein and respectfully refers the Court to the statute cited therein for its full and accurate content.

82.     Defendant denies each and every allegation set forth in Paragraph "82" of the Complaint, except admits that Defendant's bakeries are places of public accommodation under the New York City Administrative Code.

83.     The allegations set forth in Paragraph "83" of the Complaint constitute conclusions of law to which no response is required.  To the extent that a response is necessary, Defendant denies each and every allegation therein and respectfully refers the Court to the statute cited therein for its full and accurate content.

84.     Defendant denies each and every allegation set forth in Paragraph "84" of the Complaint.

85.     The allegations set forth in Paragraph "85" of the Complaint constitute conclusions of law to which no response is required.  To the extent that a response is necessary, Defendant denies each and every allegation and respectfully refers the Court to the statute cited therein for its full and accurate content.

86.     Defendant denies each and every allegation set forth in Paragraph "86" of the Complaint, including subparagraphs (a) through (c) alleged therein.

87.     Defendant denies each and every allegation set forth in Paragraph "87" of the Complaint.

88.     Defendant denies each and every allegation set forth in Paragraph "88" of the Complaint.

89.     Defendant denies each and every allegation set forth in Paragraph "89" of the Complaint.

90.     Defendant denies each and every allegation set forth in Paragraph "90" of the Complaint.

91.     Defendant denies each and every allegation set forth in Paragraph "91" of the Complaint.

92.     Defendant denies each and every allegation set forth in Paragraph "92" of the Complaint.

### AS TO "FIFTH CAUSE OF ACTION"
(Declaratory Relief)

93.     Defendant repeats its responses set forth in Paragraphs 1 through 92 of this Answer by reference as if fully set forth in response herein to allegations set forth in Paragraph "93" of the Complaint.

94.     Defendant denies each and every allegation set forth in Paragraph "94" of the Complaint.

95.     Defendant denies each and every allegation set forth in Paragraph "95" of the Complaint.

### AS TO "PRAYER FOR RELIEF"

96.     To the extent not otherwise denied, Defendant denies Plaintiff is entitled to any relief or remedy specified in the "Wherefore" clauses set forth in the Complaint, including subparagraphs (a) through (h) alleged therein.

### AS TO "DEMAND FOR A TRIAL BY JURY"

97.     Defendant denies each and every allegation set forth in the unnumbered paragraph set forth therein.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant states the following affirmative defenses without assuming the burden of proof on such defenses that would otherwise rest with Plaintiff.  Defendant also reserves the right to assert such additional defenses that may become applicable during the course of this litigation.

### FIRST AFFIRMATIVE DEFENSE

The Complaint as a whole and each and every purported cause of action alleged therein fails to state facts sufficient to constitute a claim against Defendant.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, as the WCAG 2.0 AA guidelines are neither codified statutory nor regulatory authority, but rather voluntary international guidelines for Web accessibility created by the Web Accessibility Initiative ("WAI") of the World Wide Web Consortium ("W3C"), and Defendant's website is not required to be compliant with W3C voluntary guidelines.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of primary jurisdiction.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by application of the Due Process Clauses of the United States and New York Constitutions in that no governmental agency regulating Defendant's business has adopted standards governing the accessibility of business websites.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred as the Website www.bakedbymelissa.com ("Website") is not a public accommodation as that term is defined by 42 U.S.C. § 12182.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, for her failure to allege and evidence past patronage of and intent to return to the place of public accommodation.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant is not obligated to make any alterations sought by Plaintiff that would result in a fundamental alteration in the nature of Defendant's services, programs, or activities or in undue financial and administrative burdens, or would require structural changes in existing facilities where other methods are effective to achieve compliance under Title III of the ADA and/or applicable state and local public accommodation laws.

## EIGHTH AFFIRMATIVE DEFENSE

The removal of any barriers by Defendant is excused to the extent such barrier removal is infeasible and/or not readily achievable.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because she lacks standing to pursue such claims.

## ELEVENTH AFFIRMATIVE DEFENSE

Any recovery on the Complaint seeking injunctive relief is barred, in whole or in part, because Plaintiff is not entitled to such injunctive and has adequate remedies at law.

15

## TWELFTH AFFIRMATIVE DEFENSE

The claims of proposed class members are barred to the extent they do not fall within the class action definition.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, laches, unclean hands, and/or estoppel.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for attorneys' fees and costs are barred or limited by mootness and/or lack of subject matter jurisdiction to the extent that the Website is in compliance with the ADA or comes into compliance with the applicable requirements of the ADA during the pendency of this litigation and prior to the Court granting Plaintiff relief.


**WHEREFORE**, having fully answered and responded to the averments of Plaintiff's Complaint, Defendant respectfully requests that:

(a)     Plaintiff's claims be dismissed with prejudice and in their entirety;

(b)     Each and every prayer for relief set forth in the Complaint be denied;

(c)     Judgment be entered in favor of Defendant;

(d)     All costs, including reasonable attorneys' fees, be awarded to Defendant and against Plaintiff pursuant to applicable laws; and

(e)     Defendant be granted such other relief as this Court may deem just and proper.

Dated:     November 17, 2017
           White Plains, New York

Respectfully Submitted:

JACKSON LEWIS P.C.
44 South Broadway, 14th Floor
White Plains, New York 10601
(914) 872-8060
(914) 946-1216 (Facsimile)

By:    */s/ Joseph J. Lynett*
       Joseph J. Lynett (JL 7328)

       */s/ Joseph J. DiPalma*
       Joseph J. DiPalma (JD 5639)

       *Attorneys for Defendant*
       *Baked By Melissa, LLC*

17

JACKSON LEWIS P.C.
44 South Broadway
14th Floor
White Plains, New York 10601
(914) 872-8060
*Attorneys for Defendant*
*Baked By Melissa, LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

KATHY WU AND ON BEHALF OF ALL
OTHER PERSONS SIMILARLY SITUATED,

                          Plaintiffs,

-against-

BAKED BY MELISSA, LLC,

                          Defendant.

Case No.: 1:17-cv-06612-RA

------------------------------------------------------------X

## <u>CERTIFICATE OF SERVICE</u>

        This is to certify that a true and correct copy of Defendant's Answer to the Class Action Complaint has been electronically filed and served via First Class mail at the addresses set forth below on the 17th day of November, 2017 on counsel for the Parties who entered their notice of appearance in this matter:

| | |
|---|---|
| Brandon D. Sherr | Jeffrey M. Gottlieb |
| Justin A. Zeller | Dana L. Gottlieb |
| Law Office of Justin A. Zeller, P.C. | Gottlieb & Associates |
| 277 Broadway, Suite 408 | 150 East 18th Street, Suite PHR |
| New York, New York 10007 | New York, New York 10003 |
| Tel.: (212) 229-2249 | Tel.: (212) 228-9795 |
| Fax: (212) 229-2246 | Fax: (212) 982-6284 |
| bsherr@zellerlegal.com | nyjg@aol.com |
| jazeller@zellerlegal.com | danalgottlieb@aol.com |

                                           */s/ Joseph J. DiPalma*
                                           Joseph J. DiPalma (JD 5639)